Date signed September 22, 2009



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN RE: | : |
| | : |
| CLOVERLEAF ENTERPRISES, INC. | :    Case No. 09-20056PM |
| | : |
| Debtor | : |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : |

### MEMORANDUM OF DECISION

The Maryland Racing Commission ("the Commission") moved for relief from this court's Order (D.E. #111) holding that the exception to the automatic stay found in 11 U.S.C. § 362(b)(4) does not apply to the holding of a hearing pertaining to the Debtor,

> ". . . to determine whether to: (1) withdraw its consent, under 15 USC §3004(a), for CEI to accept 'inter-state off-track wagers;' (2) withdraw its approval, under BR Art., §11-804(b), for CEI to contract to hold pari-mutuel betting on thoroughbred races held at an out-of-state track; and (3) withdraw it authorization, under BR Art., §11-811(d), for CEI to conduct inter-track betting races received from a thoroughbred racetrack." (footnote omitted)

This Motion's urgency is diminished by this court's Order entered September 16, 2009 (D.E. #170) modifying the automatic stay of 11 U.S.C. § 362(a) so as to allow the hearing to go forward after November 20, 2009. After careful consideration of the Commission's Motion, the court will adhere to its earlier ruling.

The Commission relies upon the case of *Safety-Kleen, Inc. v. Wyche,* 274 F.3d 846 (CA4 2001), in support of its position, but the court finds the holding of that case inapplicable to the case at hand. *Safety-Kleen, Inc. v. Wyche* involved a debtor involved in the reception of hazardous and non-hazardous waste. It encountered the opposition of various environmental groups. Critical to the operation was the maintenance of bonds to secure the closure and post-

closure obligations of the licensee.  Safety-Kleen's problems arose when the U. S. Treasury removed its bonding company from its list of approved sureties.  State law required that bonds be posted acceptable to the Treasury.  The state environmental agency ordered Safety-Kleen to acquire substitute bonds within 18 days or cease accepting waste.  Not having the financial ability to do so, it immediately filed a Chapter 11 petition.  The state agency then ordered Safety-Kleen to cease accepting waste within 30 days, because it had exhausted all permitted space.  Safety-Kleen's attempt to obtain a preliminary injunction was unsuccessful.

The Fourth Circuit, in a thorough discussion of the issue, held that the exception of 11 U.S.C. § 362(b)(4) applied to the bond Order.  It concluded:

> As we see it, the primary purpose of South Carolina's financial assurance regulations is to deter environmental misconduct and to encourage the safe design and operation of hazardous waste facilities.  This is a clear exercise of the state's regulatory power.  Accordingly, we hold that the regulatory exception applies to DHEC's issuance and enforcement of the bond order.  The bankruptcy stay does not apply to these efforts.

*Safety-Kleen, Inc. v. Wyche* at 866.

In this case, the court finds that the state agency did not act until the Maryland Jockey Club and the horsemen's entities complained of the failure of the Debtor to meet its contractual obligations.  The record is replete with evidence that the Commission's conduct was focused solely on assisting these three entities in collecting the money due them.  This is a far cry from the enforcement of regulations designed to deter environmental misconduct or to eliminate vestiges of an unfortunate and ignominious page in this country's history as in *EEOC v. McLean Trucking Co.*, 834 F.2d 398, 402 (CA4 1987), where the court held that actions to recover back pay for victims of unlawful discrimination exempt from the automatic stay until after the prayer for monetary relief is reduced to judgment.

An appropriate order will be entered.

cc:
Douglas F. Gansler, Attorney General of MD, 500 N. Calvert Street, #406, Baltimore MD 21202
Bruce C. Spizler, Sr. Asst. Atty General, 500 N. Calvert Street, #406, Baltimore MD 21202
Nelson C. Cohen, Esq., 1800 M Street, NW, #1000, Washington, DC 20036
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**Memorandum of Decision**