Date signed November 24, 2010



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| CLOVERLEAF ENTERPRISES, INC. | : | Case No. 09-20056PM |
| | : | Chapter 11 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

## MEMORANDUM OF DECISION

Pursuant to an Order entered October 13, 2010, the court directed the United States Trustee to appoint a Chapter 11 Trustee. This case returns to the court following the United States Trustee's filing of an application to approve the appointment of James J. Murphy as Chapter 11 Trustee pursuant to Fed. Rule of Bankruptcy Proc. 2007.1 (c).

On October 20, 2010, the United States Trustee filed the application together with a verified statement from Mr. Murphy that disclosed that he served as trustee of multiple Levy Family Trusts. Among the beneficiaries of these trusts managed by Mr. Murphy is Robert P. Levy. In turn Mr. Levy is a non-management director of Penn National Gaming, Inc. This entity owns "indirectly" a 49% interest in The Maryland Jockey Club of Baltimore City, Inc. ("MJC') and Laurel Racing Association Limited Partnership ("LRA"). These entities have been the principal antagonists of the Debtor during the pendency of this case. As the court has observed in the past, these entities would be well-served by the failure of the Debtor and would weep not a tear were the business of Cloverleaf to go down the drain. In addition, Mr. Murphy's affidavit discloses a close working relationship in the past with Lawrence D. Coppel, Esq., the attorney for MJC, LRA, and The Maryland Horse Breeders' Association, Inc. All of these entities joined in a motion filed by Mr. Coppel to convert this case to a case under Chapter 7 or

to appoint a Chapter 11 Trustee.

The Debtor filed an opposition to Mr. Murphy's appointment, noting the actual conflict of interest created by the simultaneous representation of the Levy Trusts and Cloverleaf simultaneously.  Only a schizophrenic could carry out the act of balancing these two competing fiduciary assignments.  It is impossible to find otherwise.  On October 21, 2010, however, Mr. Murphy submitted his resignation as trustee of the Levy Family Trusts.  Added to this is the appearance of partiality created by Mr. Murphy's past connections with the counsel for Debtor's adversaries, who have at every turn of this case sought to frustrate Debtor's actions.

The appointment of a Chapter 11 Trustee is governed by 11 U.S.C. § 1104(b)(1) that provides: "Except as provided in section 1163 of this title, on the request of a party in interest made not later than 30 days after the court orders the appointment of a trustee under subsection (a), the United States trustee shall convene a meeting of creditors for the purpose of electing one disinterested person to serve as trustee in the case.  The election of a trustee shall be conducted in the manner provided in subsections (a), (b), and (c) of section 702 of this title."  The term "disinterested" is defined under the Section 101(14) of the Bankruptcy Code as a "person that – (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor, and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason[.]"

None of the disqualifying indicia serve to block Mr. Murphy's appointment.  In the absence of an actual or potential conflict of interest, the appearance of impropriety does not act to effect his disqualification. *In re Marvel Entertainment Group*, 140 F.3d 463, 476-477 (CA3 1998).  For the foregoing reasons, the court will overrule the objection to the appointment of Mr. Murphy as Trustee.  In so holding, the court recognizes that this situation places him in a delicate situation akin to that of Caesar's wife.  Every action on his part will be subject to scrutiny particularly in the light of his past association with the Debtor's principal adversaries and their counsel.  The United States Trustee could have avoided this situation by selecting one of the other qualified parties located for this position, but it elected not to do so.  The court assumes that the United States Trustee has received assurances from Mr. Murphy that he is well informed of his fiduciary responsibilities and that he will not be affected by his past loyalties and connections.

An appropriate order will be entered.

cc:

Nelson C. Cohen, Esq.
Zuckerman Spaeder LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036

Cloverleaf Enterprises, Inc.
Attn: Kelley Rogers, CEO
6336 Rosecroft Drive
Fort Washington, MD 20744

William Streett Baldwin
Ellin & Tucker Chartered
100 S. Charles Street, Suite 1300
Baltimore, MD 21201

Robert H. Rosenbaum
Joseph B. Chazen
Meyers, Rodbell, & Rosenbaum P.A.
6801 Kenilworth Ave., Ste. 400
Riverdale, MD 20737

J. William Pitcher
27 Maryland Avenue
Annapolis, MD 21401

Semmes, Bowen & Semmes
25 W. Charles Street, 14th Floor
Baltimore, MD 21201

Darek Bushnaq, Esquire
Venable LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202

Finger Lakes Racing, Association, Inc.
c/o Marvin T. Dubin, Esq
600 Rand Building
Buffalo, NY 14202

Joseph A. Lynott
Lynott, Lynott & Parsons, P.A.
11 N. Washington St., Ste. 220
Rockville, MD 20850

Martin J. Weis
Dilworth Paxson LLP, 3200

1500 Market St., 3500 E
Philadelphia, PA 19102

Steve P. Xanthos
1104 Joppa Road A
Joppa, MD 21085

Scott W. Foley
Shapiro Sher Guinot & Sandler
36 S. Charles Street, 20th Floor
Baltimore, MD 21201

New Jersey Sports & Exposition Authority
c/o Cole Schotz Meisel Forman & Leonard
Warren A. Usatine, Esq.
Court Plaza North
25 Main Street
Hackensack, N.J. 07601

The Maryland Jockey Club of Balto. City, Inc.
Laurel Racing Association Ltd. Partnership
c/o Alan M. Rifkin, Esquire
Rifkin, Livingston, Levitan & Silver, LL
7979 Old Georgetown Road, Suite 400
Bethesda, MD 20814

Bruce C Spizler
Office of the Attorney General
500 North Calvert Street, Ste.
Baltimore, MD 21202

Arthur J. Lisi
6518 Cavalier Drive
Alexandria, VA 22307
Gary H. Leibowitz
300 E. Lombard St., Suite 2000
Baltimore, MD 21202

Joshua M. Grenard
Thomas S. Kiriakos
71 South Wacker Drive
Chicago, IL 60606
Gary A. Winters
1999 "K" Street, NW
Washington, DC 20006

**End of Memorandum**