Date signed March 11, 2011



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN RE: : | |
| : | |
| CLOVERLEAF ENTERPRISES, INC.   : | Case No. 09-20056PM |
| : | Chapter 11 |
| Debtor     : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : | |

## MEMORANDUM OF DECISION

Before the court is the motion filed by Landow Partners LLC ("Landow") entitled "Emergency Motion for Temporary Stay Pending Adjudication of Motion for Leave to Submit Highest and Best APA or for Reconsideration, And, If Necessary, Motion for Stay Pending Appeal" (the "Motion for Stay"), and the opposition thereto filed by James J. Murphy, Chapter 11 Trustee.[1]  Landow seeks to have the bidding reopened so that it may submit a higher bid for the assets sold to Prince George's Racing Venture, LLC, following the auction on February 2, 2011, held in open court and approved by this court's Order Approving Asset Purchase Agreement and Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Interests [D.E. No. 758], entered February 11, 2011.  Landow sought, by motion filed February 7, 2011, reconsideration of this court's ruling so as to allow it to submit another bid.  However, this is not a basis for granting reconsideration.  Federal Rule of

---

[1]This decision will obviate the hearing set on March 22, 2011, on the Motion of Landow Partners, LLC for Leave to Submit the Attached "Highest and Best" Asset Purchase Agreement, Or, in the Alternative, for Reconsideration of the February 2 Decision (the "Motion for Reconsideration") [D.E. No. 749].  Similarly, this decision is intended to deal with any stay sought pending an appeal.

Bankruptcy Procedure 9023 makes Federal Rule of Civil Procedure 59(e) applicable in bankruptcy cases.  As explained in the case of *Edmond v. Nigh*, 2007 WL 3171350, at *2 (B.C. Md. Jan. 8, 2007):

> Fed. R. Civ. P. 59(e) authorizes a motion to alter or amend judgment and provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  "There are three circumstances in which the district court can grant a Rule 59(e) motion: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.' " *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003).  "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment[.]"

None of these circumstances are applicable here, where Landow is experiencing a case of "bidder's remorse."

This case is remarkably similar to the recent case of *In re Bigler L.P.*, 2010 WL 5173846 (BC S.D. Tex. Dec. 15, 2010), where the court was also presented with a situation in which an unsuccessful bidder sought to reopen the process to enable it to submit a higher bid.  In finding that a courtroom auction minimizes confusion as to completion of the bidding and maximizes value to the estate and preserves and promotes the integrity of the judicial process, the court reached the following conclusion:

> [W]hen an auction is conducted in a manner that, in all facets, was beyond reproach, it may not be reopened to allow a higher bid.  To do so would be an abuse of discretion.  The rationale for this rule is that, when the bid procedures are clear; the bid procedures are not complex; the parties are sophisticated; there is no collusion or fraud; and the auction price is not grossly inadequate-the highest priority should be placed on maintaining the integrity of the system.  In the case at bar, the procedures were clear and fair; the parties were sophisticated; the auction was conducted pursuant to the Bid Procedures and Bid Procedures Order; and the price was adequate.

*Id.* at *15.

In bankruptcy parlance, this dispute is a contested matter.  Ordinarily Federal Rule of Bankruptcy Procedure 7062 is inapplicable to contested matters as it is not one of the adversary proceeding rules of the 7000 series that apply to contested matters listed in Rule 9014(c), but the power for a bankruptcy judge to issue a stay pending appeal is found in Federal Rule of Bankruptcy Procedure 8005.  As explained in the 1999 Advisory Committee Note to Bankruptcy

Rules:

> Although Rule 7062 will not apply automatically in contested matters, the amended rule permits the court, in its discretion, to order that Rule 7062 apply in a particular matter, and Rule 8005 gives the court discretion to issue a stay or any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

The standard in the Fourth Circuit for granting a stay pending appeal was set forth long ago in the case of *Airport Comm'n of Forsyth Co., North Carolina v. Civil Aeronautics Bd.*, 296 F.2d 95 (CA4 1961), adopting the requirements of *Virginia Petroleum Jobbers Ass'n v. Fed. Power Comm'n,* 259 F.2d 921 (CA D.C. 1958), that provided the following four-part test:

> (1) Has the petitioner made a strong showing that it is likely to prevail on the merits of its appeal;
> (2) Has the petitioner shown that without such relief it will be irreparably injured;
> (3) Would the issuance of a stay substantially harm other parties' interests in the proceedings; and
> (4) Where lies the public interest?

The court finds that Landow does not pass the test for the granting of a stay pending appeal. While this court is always reluctant to pass on whether an appeal from its Order will succeed, it is unlikely that Landow will succeed in upsetting an auction sale conducted in open court where it had every opportunity to make a higher bid. In any event, this court would have to find that Landow has standing to pursue this motion, a position contrary to that adopted by most courts. *See In re NEPSCO, Inc.*, 36 B.R. 25 (BC Me. 1983); *Big Shanty Land Corp. v. Comer Props., Inc.*, 61 B.R. 272 (BC N.D. Ga. 1985); *In re Planned Sys., Inc.*, 82 B.R. 919 (BC S.D. Ohio 1988). Landow has not demonstrated any irreparable harm other than a lost speculative business opportunity that is related to possible action by the Maryland legislature that would enable different forms of gambling at the Debtor's place of business. The potential harm to purchasers, that is, the loss of sums put up to conclude the transaction, is a non-factor, as presumably they would be made whole by the funds tendered by Landow. Aside from the question of supporting the integrity of judicial sales, the court finds that a determination as to who runs the Rosecroft facility does not implicate any public interest.

For the foregoing reasons, both the Motion for Stay and the Motion for Reconsideration

will be denied. Appropriate orders will be entered.

cc:

Nelson C. Cohen, Esq.
Zuckerman Spaeder LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036

Cloverleaf Enterprises, Inc.
Attn: Kelley Rogers, CEO
6336 Rosecroft Drive
Fort Washington, MD 20744

William Streett Baldwin
Ellin & Tucker Chartered
100 S. Charles Street, Suite 1300
Baltimore, MD 21201

Robert H. Rosenbaum
Joseph B. Chazen
Meyers, Rodbell, & Rosenbaum P.A.
6801 Kenilworth Ave., Ste. 400
Riverdale, MD 20737

J. William Pitcher
27 Maryland Avenue
Annapolis, MD 21401

Semmes, Bowen & Semmes
25 W. Charles Street, 14th Floor
Baltimore, MD 21201

Darek Bushnaq, Esquire
Venable LLP
750 East Pratt Street, Suite 900
Baltimore, MD 21202

Finger Lakes Racing, Association, Inc.
c/o Marvin T. Dubin, Esq
600 Rand Building
Buffalo, NY 14202

Joseph A. Lynott
Lynott, Lynott & Parsons, P.A.
11 N. Washington St., Ste. 220
Rockville, MD 20850

Martin J. Weis
Dilworth Paxson LLP, 3200

1500 Market St., 3500 E
Philadelphia, PA 19102

Steve P. Xanthos
1104 Joppa Road A
Joppa, MD 21085

Scott W. Foley
Shapiro Sher Guinot & Sandler
36 S. Charles Street, 20th Floor
Baltimore, MD 21201

New Jersey Sports & Exposition Authority
c/o Cole Schotz Meisel Forman & Leonard
Warren A. Usatine, Esq.
Court Plaza North
25 Main Street
Hackensack, N.J. 07601

The Maryland Jockey Club of Balto. City, Inc.
Laurel Racing Association Ltd. Partnership
c/o Alan M. Rifkin, Esquire
Rifkin, Livingston, Levitan & Silver, LL
7979 Old Georgetown Road, Suite 400
Bethesda, MD 20814

Bruce C Spizler
Office of the Attorney General
500 North Calvert Street, Ste.
Baltimore, MD 21202

Arthur J. Lisi
6518 Cavalier Drive
Alexandria, VA 22307

Gary H. Leibowitz
300 E. Lombard St., Suite 2000
Baltimore, MD 21202

Joshua M. Grenard
Thomas S. Kiriakos
71 South Wacker Drive
Chicago, IL 60606

Gary A. Winters
1999 "K" Street, NW
Washington, DC 20006

Gary Ralph Jones
Baxter Bakler Sidle Conn & Jones, P.A.
120 E. Baltimore Street, Ste. 2100
Baltimore, MD 21202

U.S. Trustee Office
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

All Creditors and Parties Requesting Notice

**End of Memorandum**